MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding. On July 17, 1975, we issued a rule to show cause why jurisdiction of the mental health proceeding involved herein should not be transferred from respondent district court to the probate court of the city and county of Denver, pursuant to section 27-9-111, C.R.S. 1973. We make the rule absolute.
The petitioner, John Coca, was originally adjudicated incompetent in the Las Animas county court. Jurisdiction of the proceeding, pursuant to statute, was assumed by the respondent district court. In December 1974, petitioner filed his petition for adjudication of competency. Four months later, he moved for a change of venue, seeking to have the case heard by the Denver probate court.
The record revealed that at the time of filing of the petition for adjudication of competency the petitioner was a resident of the Pecos Nursing Home in the city and county of Denver and had not been a resident of Las Animas County for over four years.
The motion for change of venue was supported by affidavits of the petitioner, the administrative director of the Pecos Nursing Home, and the medical doctor who recommended restoration of petitioner to competency, all of which recited that extreme inconvenience would result from requiring affiants as witnesses to attend the restoration hearing in the respondent district court, because of the time and distance involved in making the trip from Denver to Trinidad.
At the. hearing on the motion, the respondent court observed that section 27-9-111, C.R.S. 1973, allowed for transfers of jurisdiction in such proceedings for the convenience of witnesses, stating that the statute had been used “* * * only in the initial instance before there had been any kind of hearing and particularly a trial.”
The statute for transfer of jurisdiction, in pertinent part, provides:
“Transfer of jurisdiction. Whenever it shall appear necessary and desirable for the convenience of the respondent, or for any other reason, the court of original jurisdiction may order the cause transferred to another *442 jurisdiction; * * *.” Section 27-9-111, C.R.S. 1973.
Upon the urging of counsel for petitioner, the court ruled as follows:
“We will transfer this to the Denver Court under the regular provision and not under the change of venue. So the motion for the change of venue technically speaking is denied, but we will execute an Order under the other section of the Statute transferring jurisdiction. * * *”
The court, immediately after the hearing, entered a form order which purported to transfer “custody” of petitioner to the probate court. The latter court then apparently referred this “custody” order to the office of the Denver city attorney. The city attorney advised the respondent court that the Denver probate court could not take “custody” of petitioner, and suggested that a new order be entered transferring “jurisdiction” of the proceeding to the probate court pursuant to section 27-9-111, C.R.S. 1973. This the court refused to do. Since then, the matter has been deadlocked: the Denver probate court has declined to accept custody of petitioner, and the respondent district court has refused to vacate its “custody” order and enter an amended order transferring jurisdiction. To resolve this stalemate, petitioner brought this original proceeding.
It is clear that section 27-9-111 was applicable to the situation here, and the respondent court properly ruled from the bench that a transfer of jurisdiction to the Denver probate court was appropriate under the facts as presented. The entry of the form order transferring custody was obviously inadvertent.
Respondent court should forthwith take steps to correct this administrative mixup so that the restoration hearing of petitioner may be expedited.
We remand this cause to the respondent district court with directions that it enter an order transferring jurisdiction of the cause to the probate court of the city and county of Denver.
Rule made absolute.